A08A0809. JOHNSON v. THE STATE.
(666 SE2d 635)

BARNES, Chief Judge.
Jamal Cymonne Johnson appeals his conviction for ten counts of aggravated assault with a deadly weapon, ten counts of aggravated assault with intent to rob, burglary, and possession of a weapon during the commission of a crime. Johnson contends the trial court erred for two reasons. First, he argues the court violated the "*Bruton* Rule" by admitting a detective's alleged hearsay statement, which was inconsistent with a previous witness's testimony, without laying the proper impeachment foundation. Second, Johnson argues the court erred by charging the jury on impeachment by a previous inconsistent statement. For the reasons stated below, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Johnson, along with five others, arrived at a house around 11:00 p.m. one night, armed with a pistol, and with the intention to rob the residents. After the residents refused to let them in, the group forced their way into the home, but the residents fought back to defend themselves. During the incident, several residents were injured and one was shot. The only items reported missing from the home were a cell phone and wallet.

At trial, seven residents of the house, two accomplices, and two detectives who had previously questioned Johnson and the others, testified that Johnson took part in the crime while armed with a .380 handgun. Additionally, the resident who was shot identified Johnson

as the one who shot him at trial. A third accomplice, John Andrades, testified at trial that he never saw Johnson with a gun, but later, a detective who interviewed Andrades the night of the crime testified that Andrades told him that Johnson was carrying a gun during the incident and was the one who shot the victim. During the State's examination, Andrades was asked if he recalled speaking with the police about the crime at the hospital on the night of the incident, and he answered in the affirmative. The State, however, never directly confronted Andrades about his inconsistent statements regarding whether Johnson was carrying a gun or not. The defense did not object to Andrades or the detective's testimony, and it declined to cross-examine either. On the basis of Andrades' and the detective's inconsistent testimonies, the court charged the jury on impeachment by prior inconsistent statements. When asked whether Johnson had any objections to the jury charge, Johnson responded, "None from us."

1. Johnson argues the detective's statement about what Andrades told him on the night of the incident was hearsay and should not have been admitted because proper foundation for impeachment was never laid. However, Johnson did not object to the admission of the detective's testimony at trial; therefore, the issue was not preserved for appeal. *Bharadia v. State*, 282 Ga. App. 556, 557 (1) (639 SE2d 545) (2006); *Simms v. State*, 223 Ga. App. 330, 332 (1) (477 SE2d 628) (1996); *City of Dalton v. Smith*, 210 Ga. App. 858, 859 (1) (437 SE2d 827) (1993).

Moreover, even if the issue had been properly preserved at trial and this court agreed that the trial court erred in allowing the detective's statement, it would not warrant a reversal of the jury's verdict, as the error was harmless.

> The Supreme Court of Georgia has adopted the highly probable test when determining if an error is harmless. If it is highly probable that the error did not contribute to the judgment then the error is harmless. The proper test to determine whether error is harmless due to overwhelming evidence of guilt is not whether there is sufficient other evidence to convict but whether it is highly probable that the error did not contribute to the judgment.

(Citations and punctuation omitted.) *Morrow v. State*, 229 Ga. App. 242, 245 (4) (493 SE2d 616) (1997); *Snelling v. State*, 215 Ga. App. 263, 266 (1) (c) (450 SE2d 299) (1994). More than ten other people, including two of the accomplices, testified that Johnson took part in the crime and was carrying a .380 handgun that night. A detective testified at trial that Johnson admitted to participating in the crime

and possessing a gun during it. Doctors retrieved a bullet from a .380 handgun from the abdomen of the victim who identified Johnson as the shooter at trial. Furthermore, detectives found spent shell castings from that same gun at the scene of the crime, which did not match the other two guns found at the house. Thus, even if the court erroneously admitted the detective's testimony without laying proper impeachment foundation, the error was harmless, as it is highly probable that the error did not contribute to the judgment.

Additionally, in his first enumeration of error, Johnson contends the trial court violated the "*Bruton* Rule,"[1] but he does not make any argument or cite any authority in support of his contention; thus it is deemed abandoned. Court of Appeals Rule 25 (c) (2).

2. Johnson also contends the trial court erred by charging the jury on impeachment by a previous inconsistent statement. However, Johnson failed to address this claim in his brief; therefore, he has waived his right to appeal this issue. Court of Appeals Rule 25 (c) (2). Moreover, Johnson failed to preserve his right to appeal this issue when he did not object to the jury charge at trial. When the court asked Johnson whether he had any objections to the jury charge, he responded, "None from us." On appeal, "a party cannot complain of the giving of an instruction to the jury unless he objects thereto after the court has instructed the jury and before the jury returns a verdict." *Rodriguez v. Davis*, 202 Ga. App. 550-551 (415 SE2d 41) (1992); see also *McCannon v. Wilson*, 267 Ga. App. 815, 817 (2) (600 SE2d 796) (2004). Furthermore, this trial occurred after July 1, 2007, the date the new Code section OCGA § 17-8-58 took effect.[2] Therefore, in order for Johnson to have properly preserved his right to appeal the jury charge, he must have objected to the charge after it was given but before the jury retired to deliberate, which he did not do.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 14, 2008.

*James W. Bradley*, for appellant.

---

[1] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[2] OCGA § 17-8-58 (a) requires "[a]ny party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. Such objections shall be done outside of the jury's hearing and presence."

Subsection (b) states in part that the "[f]ailure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge. . . ."

*Jewel C. Scott, District Attorney, James J. Lacy, Assistant District Attorney*, for appellee.