## S08A0786. THE STATE v. JONES.
### (667 SE2d 76)

HUNSTEIN, Presiding Justice.

Appellee Christopher Jones was convicted of the aggravated assault and kidnapping of Cindy Hurst, the former girlfriend of Jones, and the kidnappings of Hurst's daughters, six-year-old Brianna and eighteen-month-old Ja-Nya.[1] On motion for new trial the trial court upheld appellee's aggravated assault conviction but granted appellee a new trial on the three kidnapping convictions on the basis that appellee received ineffective assistance of counsel. Notwithstanding its grant of a new trial on the kidnapping charges, the trial court also found that the mandatory 25-year sentence set forth in OCGA § 16-5-40 (b) (2) for kidnapping of a child under the age of 14 constituted cruel and unusual punishment as applied to appellee. The State filed an application for interlocutory appeal, which this Court granted. See *State v. Ware*, 282 Ga. 676 (653 SE2d 21) (2007) (State's right to appeal from order granting motion for new trial under OCGA § 5-7-1 (a) (7) is subject to interlocutory appeals procedures).[2] For the reasons that follow, we reverse in part and vacate in part.

1. In its order granting appellee a new trial on the kidnapping charges, the trial court found that trial counsel performed deficiently by failing to cross-examine Hurst adequately, by failing to cogently argue on behalf of the directed verdict motion made as to those charges and by presenting only perfunctory closing argument to the jury. The trial court then concluded that there was a reasonable probability that the outcome of the trial would have been different had counsel performed effectively. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

The State contends that the trial court's grant of a new trial was error because appellee did not raise this issue below. A careful review of the record reveals that the State is correct that appellee did not assert that trial counsel was ineffective on these particular grounds in his timely-filed motion for new trial, in his amendment thereto filed by conflict-free counsel or in the course of the hearing on his new trial motion.

> Since the motion for new trial was upon [certain enumerated grounds only], there was no question before the court as to [the error specified by the trial court in its order]. [Cit.]

---

[1] The jury acquitted appellee on the charge of robbery by force.

[2] This Court transferred Case No. S08A0746, Jones's appeal from the aggravated assault conviction, to the Court of Appeals.

While the court may grant a new trial on its own motion within 30 days from entry of the judgment ([current OCGA § 5-5-40 (h); cit.]), the judgment here was entered on [July 11, 2007], and the new trial was not granted until [October 31, 2007], which was more than 30 days from entry of judgment after the term had expired. We know of no authority which would allow the court to grant a new trial on an unspecified ground in these circumstances.

*Darby v. Commercial Bank*, 135 Ga. App. 462, 463 (2) (218 SE2d 252) (1975). Appellee having been represented by conflict-free counsel at the time the amendment to his motion for new trial was filed and no claim of ineffective assistance of counsel having been raised in regard to the kidnapping charges, the issue must be deemed waived. See generally *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008) (defendant required to raise any issue of ineffective assistance of trial counsel at earliest practicable moment to avoid it being deemed waived). The trial court erred by granting appellee a new trial on this basis.

2. The record reveals that because the trial court found that appellee's counsel was ineffective, it did not reach the other issues raised in appellee's motion for new trial in regard to the kidnapping convictions. In particular, the trial court failed to address appellee's claim that the kidnapping verdicts are contrary to evidence and the principles of justice and equity, OCGA § 5-5-20, and decidedly and strongly against the weight of the evidence, OCGA § 5-5-21, even though these claims were discussed in detail at the hearing on appellee's motion. See generally *Ricketts v. Williams*, 242 Ga. 303 (248 SE2d 673) (1978) (no double jeopardy bar when trial court exercises authority vested in it by OCGA §§ 5-5-20 and 5-5-21 to grant new trial on weight of evidence). See also *Drake v. State*, 241 Ga. 583 (1) (247 SE2d 57) (1978) (this Court does not have discretion to grant a new trial when evidence preponderates heavily against verdict; we can only review evidence to determine if any evidence supports verdict). As eloquently stated by Justice Grice nearly 70 years ago:

The aim of the law is justice. It gives to the trial judge a weapon which it expects him to use in proper cases, — the power to grant a new trial in order to accomplish the high purpose of the law. The discretion to grant a new trial is entrusted to him and to him alone. This great power given to him by the law is not an arbitrary discretion, of course, but a judicial discretion, placed in the hands of one whom the law regards as not only skilled in her service, but who

has an eye single to the great object for which courts are established — to administer justice according to law. When it appears to his judicial conscience that a verdict is contrary to the evidence or without evidence to support it, he should grant a new trial . . . .

*Mills v. State*, 188 Ga. 616, 624 (4 SE2d 453) (1939). We accordingly remand this case to the trial court for consideration of the issues appellee raised in his original and amended motion for new trial.

3. The trial court ruled that OCGA § 16-5-40 (b) (2) was unconstitutional because the mandatory sentence of 25 years without possibility of parole for the kidnapping of a child under the age of 14 constituted cruel and unusual punishment as applied to appellee. The trial court's ruling, however, constituted mere dicta because the trial court ordered a new trial for appellee on all of the kidnapping charges. In light of our remand of this case to the trial court for consideration of the claims raised by appellee in his original and amended motion for new trial, Division 2, supra, any issue regarding the constitutionality of the sentence mandated by OCGA § 16-5-40 (b) (2) is premature.[3] Accordingly, we vacate that part of the trial court's ruling regarding the constitutionality of OCGA § 16-5-40 (b) (2).

*Judgment reversed in part, vacated in part and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Howard Z. Simms, District Attorney, Gregory W. Winters, Assistant District Attorney*, for appellant.

*Robert M. Bearden, Jr.*, for appellee.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, amici curiae.

---

[3] We thus decline to reach that issue. See generally *Bradley v. State*, 272 Ga. 740 (4) (533 SE2d 727) (2000) (constitutional challenge to statute found premature and therefore not reached).