### S10A0566. THOMPSON v. THE STATE.
(692 SE2d 379)

CARLEY, Presiding Justice.

A jury found Carl Thompson guilty of felony murder, armed robbery, and possession of a firearm during the commission of a crime. The trial court entered judgments of conviction and sentenced Thompson to life imprisonment for the felony murder and to a consecutive five-year term for the firearm offense. The armed robbery merged with the felony murder conviction. Thompson appeals after the denial of a motion for new trial.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that Thompson and others arranged to buy marijuana from the victim, James Avery. When they met at the site of the drug deal, Thompson shot and killed Avery, and stole the marijuana. The evidence was sufficient for a rational trier of fact to find Thompson guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thompson contends that the armed robbery count of the indictment is defective because it fails to allege the essential element that the property taken was the "property of another." OCGA § 16-8-41 (a). He acknowledges that this alleged defect is moot as to the armed robbery itself, since that offense merged with the felony murder. However, he claims that it still fatally infects the felony murder and the firearm counts of the indictment, which are both predicated on the armed robbery.

> The "contention that the felony murder [and firearm counts of the] indictment [are] deficient because [they do] not contain all the essential elements of the underlying crime of [armed robbery] is, in essence, a special demurrer seeking greater specificity with regard to the predicate felony." [Cit.]

---

[*] The crimes occurred on November 27, 2007, and the grand jury returned the indictment on March 10, 2008. The jury found Thompson guilty on October 2, 2008, and the trial court entered judgment on October 28, 2008. Thompson filed a motion for new trial on November 19, 2008. An amended motion for new trial was filed on August 20, 2009, and was denied on September 10, 2009. A second amended motion for new trial was filed on September 16, 2009, and was dismissed on September 24, 2009. An extension of time to file the notice of appeal was granted on October 8, 2009, and the notice of appeal was filed on November 6, 2009. The case was docketed in this Court on December 15, 2009, and oral argument was held on March 9, 2010.

*Dasher v. State*, 285 Ga. 308, 309-310 (2) (676 SE2d 181) (2009). Pursuant to OCGA § 17-7-110, a special demurrer must be filed within ten days after the arraignment. *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007). In this case, Thompson did not file a special demurrer in the trial court. Instead, he raised this issue for the first time orally, at the end of the motion for new trial hearing. "The failure to file a timely special demurrer seeking additional information constitutes a waiver of the right to be tried on a perfect indictment. [Cits.]" *Dasher v. State*, supra at 310 (2). Because Thompson did not file a timely special demurrer, " 'the ground [has been] waived[.]' " *Stinson v. State*, 279 Ga. 177, 180 (2) (611 SE2d 52) (2005). See also *Roberts v. State*, 282 Ga. 548, 550 (4) (651 SE2d 689) (2007) (special demurrer waived).

After the trial court denied the motion for new trial, Thompson filed a second amended motion for new trial, which raised this claim that the indictment was fatally defective. However, that amendment was filed after the motion for new trial had already been denied, and, thus, it was untimely. OCGA § 5-5-40 (b) (motion for new trial may only be amended before a ruling thereon). Moreover, to the extent that the second amended motion can be deemed

> the equivalent of a motion in arrest of judgment, a post-trial means by which a defendant may challenge an indictment as one would do in a general demurrer . . . , we cannot address the merits of [it] because it was not timely filed. [Cit.] A motion in arrest of judgment must be filed within the term of court in which the judgment was rendered. OCGA § 17-9-61 (b).

*Dasher v. State*, supra. Here, however, the motion was filed several terms after the term of court in which the judgment was rendered. OCGA § 15-6-3 (37) (DeKalb County Superior Court terms of court begin on the first Monday in January, March, May, July, September and November).

Thompson further argues that the felony murder and firearm possession counts of the indictment are deficient because, even though they identify their respective underlying crimes, they fail to specify that those crimes are felonies. This challenge to the indictment was never raised in the trial court, and thus it cannot be raised for the first time on appeal. *Hall v. State*, 241 Ga. App. 454, 459 (1) (525 SE2d 759) (1999); *McKay v. State*, 234 Ga. App. 556, 558-560 (2) (507 SE2d 484) (1998).

3. Thompson claims that the trial court erred in charging the jury that the firearm offense could be committed by having the firearm either on his person or within arm's reach, when the

indictment alleged only that he had it on his person. However, at the end of the jury charge, the trial court asked for objections, and Thompson stated that he had none. Because Thompson did not specifically object to the charge at trial, "he has waived his right to urge error on appeal." *Metz v. State*, 284 Ga. 614, 620 (5) (669 SE2d 121) (2008).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 29, 2010.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Wellborn, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.