## S10A0209. MADRIGAL v. THE STATE.
### (694 SE2d 652)

CARLEY, Presiding Justice.

A jury found Victor Manuel Madrigal guilty of the malice murder of Melida Guerrero, aggravated battery, aggravated assault, and possession of a knife during the commission of a crime. The trial court merged the aggravated assault and aggravated battery counts into the malice murder, entered judgments of conviction on the remaining guilty verdicts, and sentenced Madrigal to life imprisonment for the murder and a consecutive five-year term for the weapons charge. A motion for new trial was denied, and Madrigal appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that the victim was Madrigal's former girlfriend who threatened to call the police on a certain Monday if he did not return money which he had taken from her bank account. On the weekend prior to the date specified by the victim, Madrigal became angry with her, searched for her, and eventually used two knives to stab her repeatedly and fatally in her car. His fingerprint was found on the car, and knives which were identical to one in the car were found in his apartment. Immediately after the stabbing, Madrigal had cuts on his right hand and wrist, and he fled to Mexico. Three and one-half years later, he arrived in Canada on a flight from Mexico, was detained based upon an outstanding arrest warrant, and admitted that he stabbed the victim a few times, but claimed self-defense. The evidence was sufficient to authorize a rational trier of fact to find Madrigal guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Smith v. State*, 284 Ga. 304, 305 (1) (667 SE2d 65) (2008).

---

[*] The crimes occurred on March 23 or 24, 2003, and the grand jury returned an indictment on December 11, 2006. The jury found Madrigal guilty on June 20, 2008 and, on that same day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on June 25, 2008, amended on April 16, 2009, and denied on August 26, 2009. Madrigal filed the notice of appeal on September 23, 2009. The case was docketed in this Court on October 9, 2009, and submitted for decision on the briefs.

2. During an interview after Madrigal's detention, a Canadian officer stated that

> you need to tell me what is going on here because what you have told me so far does not really make sense. There may be evidence that links you to this crime and that is probably why there is a warrant for your arrest. Misrepresenting yourself and withholding information is only going to make things worse for you. I suggest you tell me everything that happened because you are only damaging your credibility by continuing to be less than forthcoming with your answers about this particular event.

Madrigal contends that the officer's statement that "withholding information" would "make things worse for you" was a threat constituting a hope of benefit and fear of injury in violation of OCGA § 24-3-50 and, therefore, that the trial court erred by refusing to suppress the subsequent statements made by Madrigal.

The State conceded below that, although the Canadian officer's failure to inform Madrigal of his Fifth Amendment rights would not make his statements inadmissible, "it is required that the statement that Mr. Madrigal makes is voluntary. They cannot use threats." Assuming for purposes of this appeal only that OCGA § 24-3-50 is applicable, the Canadian officer's statement that withholding information would make things worse for Madrigal is, in context, an admonition not to damage his credibility but to tell the truth. Where, as here, no promises of lighter punishment were made to the suspect, such an admonition to tell the truth "does not constitute hope of benefit so as to render involuntary any statement made thereafter. [Cits.]" *Henry v. State*, 265 Ga. 732, 736 (4) (c) (462 SE2d 737) (1995) (police statement "that things were 'just going to get worse if you lie' " did not constitute coercion or hope of benefit rendering defendant's statement involuntary). See also *Stringer v. State*, 285 Ga. 842, 845 (3) (684 SE2d 590) (2009); *State v. Roberts*, 273 Ga. 514, 516 (3) (543 SE2d 725) (2001), overruled on other grounds, *Vergara v. State*, 283 Ga. 175, 178 (1) (657 SE2d 863) (2008). Furthermore, the Canadian officer's statement does not show the physical or mental torture or the coercion by threats that constitutes the remotest fear of injury forbidden by OCGA § 24-3-50. *State v. Roberts*, supra at 517 (4). Compare *State v. Lynch*, 286 Ga. 98, 100 (1) (686 SE2d 244) (2009).

3. Madrigal urges that the trial court erroneously shifted the burden of persuasion when it instructed the jury that, "[i]f you believe that the defendant was justified, then it would be your duty to acquit the defendant." Because Madrigal was tried after the

effective date of the 2007 amendment to OCGA § 17-8-58 and "did not specifically object to [this] charge . . . at the conclusion of the jury charge, he has waived his right to urge error on appeal." *Metz v. State*, 284 Ga. 614, 620 (5) (669 SE2d 121) (2008). Moreover, Madrigal requested the instruction of which he now complains. "A party cannot invite error by requesting a certain jury instruction, and then complain on appeal that the instruction, when given, is incorrect. [Cits.]" *Mitchell v. State*, 283 Ga. 341, 343 (2) (659 SE2d 356) (2008).

However, Madrigal also contends that trial counsel rendered ineffective assistance by requesting the charge.

> In order to prevail on his claim of ineffective assistance under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), [Madrigal] "must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. (Cit.)" [Cit.] " 'On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo. (Cit.)' (Cit.)" [Cit.]

*Hill v. State*, 284 Ga. 521, 522 (2) (668 SE2d 673) (2008). " " " 'Decisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.' (Cits.)" (Cit.)' [Cit.]" *Hill v. State*, supra at 524 (2) (b). At the hearing on the motion for new trial,

> [n]o evidence was ever presented in any form. "In the absence of testimony to the contrary, counsel's actions are presumed (to have been) strategic. (Cit.)" [Cit.] Thus, [Madrigal] has not rebutted the strong presumption that counsel's decisions were made in the exercise of reasonable professional judgment.

*Barner v. State*, 276 Ga. 292, 294 (4) (578 SE2d 121) (2003). Moreover, the charge in question has never been disapproved, although this Court has overruled several decisions which held that the failure to give the charge was reversible error. *Coleman v. State*, 264 Ga. 253, 254 (3) (443 SE2d 626) (1994); *Lavender v. State*, 234 Ga. 608, 610 (2) (216 SE2d 855) (1975). In other words, the only disagreement regarding the charge has been over whether it is required to be given, there being no opinion which holds that it

should not be given. Furthermore, when read in context, the charge cannot be considered burden-shifting. See *Preston v. State*, 282 Ga. 210, 212 (3) (647 SE2d 260) (2007).

> At the very least, trial counsel's decision to request the charge was not patently unreasonable. [Cits.] . . . In addition, [Madrigal] has failed to show a reasonable probability that, if the charge had not been given, the jury's credibility determinations and weighing of the evidence would have resulted in a different verdict. Accordingly, he "has not shown ineffective assistance on this ground. (Cit.)" [Cit.]

*Hill v. State*, supra.
*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 19, 2010.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.