297 Ga. 171
FINAL COPY

S14G1628.  THE STATE v. EASTER.

HUNSTEIN, Justice.

We granted certiorari in this case to determine whether the Court of Appeals correctly held that the trial court charged the jury on aggravated assault in a manner not alleged in the indictment.  Easter v. State, 327 Ga. App. 754 (1) (a) (761 SE2d 149) (2014).  For the reasons set forth below, we hold that the trial court did not charge the jury on aggravated assault in a manner not alleged in the indictment, and therefore, we reverse the judgment of the Court of Appeals.

Viewed in the light most favorable to the jury's verdict, the record establishes that Appellee Andra Lamont Easter and DeShawn Ella Coatney had dated and lived together at Coatney's home for over a year before ending their relationship.  Easter and Coatney had difficulties during and after their relationship, including Coatney having to call the police several times on Easter after the couple broke up.  In response to Easter repeatedly trying to gain access

to Coatney's home, she changed the locks several times. On February 17, 2006, Coatney discovered that the front window at her home had been broken while she was at work, and she suspected Easter as the culprit. The next day Coatney arranged curtains over the broken window in a particular way so that she would be able to tell if they had been disturbed when she returned home.

In the early morning hours of February 19, 2006, Coatney returned home from work to find that the curtains had been disturbed. Afraid that Easter might be in her home, Coatney retrieved a gun she kept hidden on the top of her china cabinet and began to search each room of her home. Coatney discovered Easter hiding in a bedroom and saw that he was wearing rubber gloves and holding a crowbar. Coatney started to back out of the room as Easter came toward her holding the crowbar in an upright position. Coatney asked Easter what he was doing, but he did not answer, and instead, kept walking toward her. Coatney fired one shot, hitting Easter. Undeterred, Easter continued to walk toward her with the crowbar, and Coatney shot him again. Easter then fled the home, Coatney called the police, and Easter surrendered to police later that morning. Easter was indicted for burglary and aggravated assault, and a jury found him guilty on both counts.

Easter appealed the trial court's denial of his motion for new trial, in which he had alleged, inter alia, that the trial court erred in charging the jury on aggravated assault. With respect to the issue relevant to the granted petition for certiorari, the Court of Appeals held that the trial court erred by giving the jury a charge from which it could have found that Easter had committed aggravated assault by a method not charged in the indictment, i.e., by using a deadly weapon rather than merely an object likely to result in serious bodily injury. Easter, 327 Ga. App. at 759-760.

Easter was indicted for aggravated assault pursuant to former OCGA § 16-5-21 (a) (2),[1] which at the time provided as follows: "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." The indictment in this case alleged that Easter assaulted Coatney "with a crowbar, an object which when used offensively against another person is likely to result in serious bodily injury."

---

[1] This language is now codified at OCGA § 16-5-21 (b) (2).

With regard to aggravated assault, the court charged the jury as follows:

> A person commits the offense of aggravated assault when that person assaults another person with a deadly weapon or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . . The crowbar, if and when used when making an assault on another person, is not a deadly weapon per se, but may or may not be a deadly weapon depending upon the manner in which it is used in the circumstances of the case. Whether or not, under all the circumstances and facts of this case, the crowbar alleged in this Bill of Indictment to have been used in making an assault upon the victim did, in fact, constitute a deadly weapon or a weapon likely to cause serious bodily injury is a matter to be decided by you, the jury, from evidence in this case. In deciding whether the alleged instrument was a weapon capable of causing death or bodily injury, you may consider direct proof of the character of the weapon, any exhibition to the jury or other evidence of the capabilities of the instrument. The instrument in question is the crowbar.

Defense counsel did not object to these charges. The court sent the indictment out with the jury for their deliberations.

After deliberations began, the jury sent a note to the judge asking if it could have a copy of the law defining aggravated assault and battery. After the court read the note to counsel, defense counsel raised for the first time an objection that the jury charge on aggravated assault did not match the allegations in the indictment. Finding that it could not "undo" the charge already given to the jury, the judge recharged the jury on aggravated assault and

4

the crowbar, as it had done originally.

Although counsel did not object after the court initially gave the instructions to the jury, "'we are required to consider whether the court's jury instruction constitutes plain error since [Easter] properly enumerated and argued the issues on appeal.'" (Citations omitted.) Green v. State, 291 Ga. 287, 294 (8) (728 SE2d 668) (2012).

> Reversal is authorized if all four prongs of the standard adopted in [State v. Kelly, 290 Ga. 29 (2) (718 SE2d 232) (2011)], are met: the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Citations omitted.) Green, 291 Ga. at 294.

This case is governed by Green, and we are unpersuaded by Easter's arguments that we should reexamine Green at this time. In Green, we clarified that the "object, device, or instrument" phrase in former OCGA § 16-5-21 (a) (2) simply describes a specific mode — rather than constituting an alternative mode — of "deadly weapon" aggravated assault, and that, therefore, it is not error to refer to a "deadly weapon" in instructing the jury on an aggravated assault count predicated on the use of an "object, device, or instrument." 291

Ga. at 295. This holding applies squarely to the circumstances of this case. The relevant language of the indictment and jury instructions in Green are almost identical to those at issue here. 291 Ga. at 295. As we found in Green, here the court's use of the phrase "deadly weapon" in the jury instructions was a general reference to the aggravating circumstance in former OCGA § 16-5-21 (a) (2), which also included "any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." 291 Ga. at 295. Additionally, as in Green, the court instructed the jury that the assaulting object — here a crowbar — was not a deadly weapon per se. 291 Ga. at 295. Therefore, because the jury instructions were correct, there is no plain error pursuant to the test adopted in Kelly. Green, 291 Ga. at 295. Accordingly, we reverse the judgment of the Court of Appeals.[2]

Judgment reversed. All the Justices concur.

---

[2] In this Court, the State argues that the Court of Appeals should have followed Green. We agree. We note, however, that the State failed to cite Green in its brief to the Court of Appeals, and even after the Court of Appeals issued a decision that was inconsistent with Green, the State filed no motion for reconsideration and otherwise did nothing to bring Green to the attention of the Court of Appeals. We take this occasion to remind lawyers of their obligation to bring pertinent legal authority to the attention of the courts and to do so in a timely manner.

Decided June 1, 2015.

Certiorari to the Court of Appeals of Georgia – 327 Ga. App. 754.

Ashley Wright, District Attorney, Madonna M. Little, Amanda N. Heath, Assistant District Attorneys, for appellant.

Mark A. Begnaud; Christopher R. Geel, for appellee.