RICKMAN, Judge,
concurring specially.
Because the Supreme Court of Georgia’s holding in Murphy v. State, 270 Ga. 880 (515 SE2d 148) (1999), mandates that the failure to include the charge at issue here is “reversible error per se,” I am constrained to concur with the majority.
Notably, Murphy predates State v. Kelly, 290 Ga. 29 (718 SE2d 232) (2011). But I cannot reconcile Kelly’s requirement to assess whether this error “affected the outcome of the trial court proceedings,” with the Court’s declaration in Murphy that it is impossible to do so. See Murphy, 270 Ga. at 880 (recognizing “the impossibility of determining post-trial what adverse inference of guilt the jury may have drawn from the defendant’s silence”). Murphy demands that we presume the trial court’s failure to give this charge was harmful, precluding any consideration of the otherwise substantial and compelling evidence in this case, much of which was not necessary to and was not included in the majority opinion.
*715 Decided February 15, 2016.
Lynn M. Kleinrock, for appellant.
PaulL. Howard, Jr., District Attorney, Sheila E. Gallow, Joshua D. Morrison, Assistant District Attorneys, for appellee.