Bethel, J., concurring.
**125 Although I agree with the outcome reached in this case, I find myself unsettled and uneasy with the majority's determination, in Division 3, that the error here did not likely affect the outcome of the trial court proceedings.[1] While I cannot categorically *805 say that determination is incorrect, I am troubled by the suggestion that defense counsel's skillful handling of the improperly introduced evidenced sufficiently mitigated the prejudice of the evidence. I fully concur with the balance of the majority opinion, but because White failed to demonstrate that the error resulted in an outcome that seriously affected the fairness, integrity, or public reputation of judicial proceedings, I would base the Court's conclusion in this case on White's failure to satisfy that prong of the four-part plain-error analysis.[2]
Of course, plain-error review requires satisfaction of all four prongs of the now-familiar test. See United States v. Olano, 507 U.S. 725, 732-736, 113 S.Ct.(1770, )123 L.Ed.2d 508) (1993) ; Puckett v. United States, 556 U.S. 129 (II) (a)(a) (556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266) (2009) ; State v. Kelly, 290 Ga. 29, 33 (2) (a), 718 S.E.2d 232 (2011). Because each prong must be satisfied, it follows that a subset of cases will arise where this Court does not reverse a clear or obvious error which likely affected the outcome of the court proceeding because the error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. Analysis under the fourth prong is "case-specific and fact intensive." Puckett, 556 U.S. at 142, 129 S.Ct. 1423. Plain error review exists, ultimately, to allow appellate courts to correct errors in "those circumstances in which a miscarriage of justice would otherwise result." (Citation omitted.) Olano, 507 U.S. at 736, 113 S.Ct. 1770.
My doubts about the majority's analysis stem from my view of the case in the absence of the improperly admitted evidence. The majority is entirely correct in its assessment of defense counsel's efforts to mitigate the impact of the evidence at issue. However, in the absence of that evidence, I cannot say with confidence that a jury would have returned the same verdict in regard to the allegations levied against White by S.M.
What I can say with confidence is that White's conviction does not seriously affect the fairness, integrity, or public reputation of judicial proceedings nor does upholding the conviction risk a **126 miscarriage of justice. Georgia's version of the Rape Shield Statute exists for the protection of the witness. Nothing about the admission of the evidence here threatened White's right to a fair or constitutional trial.[3] The admission of the evidence did not undermine the credibility of the jury verdict. Nor is there any persuasive argument that allowing this conviction to stand would impugn the public reputation of the judicial process. In short, I see no compelling reason why we should exercise our discretion under the fourth prong of plain-error review.

I agree with the majority's analysis of the first two prongs of plain error.

Indeed, the Supreme Court of the United States has employed this approach in criminal cases. See, e.g., United States v. Cotton, 535 U.S. 625, 632-633, (122 S.Ct. 1781, 152 L.Ed.2d 860) (2002) ("We need not resolve ... [the third prong of plain-error review] because even assuming respondents' substantial rights were affected, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.").

While the majority's suggestion that plain-error analysis be reduced to a three-prong test with respect to evidentiary matters in criminal cases is understandable, I do not agree. Of course, when the error in question insults a defendant's constitutional rights, I am hard-pressed to imagine a scenario where such error would not constitute a miscarriage of our notion of justice. However, in regard to non-constitutional matters, plain-error analysis is clearly subject to a four -prong test. This test has been explicitly adopted through our case law, see Kelly, 290 Ga. at 33 (2) (a), 718 S.E.2d 232, and was implicitly adopted by the General Assembly in 2013 when it enacted our new Evidence Code. See Gates v. State, 298 Ga. 324, 326-327 (2), 781 S.E.2d 772 (2016) (explaining that Georgia's new Evidence Code, when it borrows from the Federal Rules, incorporates the analysis of the federal courts at the time of the Georgia rule's adoption). And the Supreme Court of the United States has made clear that the third and fourth prongs of plain-error analysis are distinct prongs, one not to be subsumed into the other. See Olano, 507 U.S. at 732, 113 S.Ct. 1770 ("[T]he decision to correct the forfeited error [is] within the sound discretion of the [appellate court], and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." (punctuation omitted) ). Otherwise, the discretion afforded appellate courts when evaluating claims of plain error would be "illusory." Olano, 507 U.S. at 737, 113 S.Ct. 1770.