**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 21, 2022**

# In the Court of Appeals of Georgia

A21A0163. PALENCIA v. THE STATE

LAND, Judge.

In *Palencia v. State*, 359 Ga. App. 307 (855 SE2d 782) (2021) (*Palencia I*), this Court affirmed the denial of a motion for new trial filed by Francisco Palencia after Palencia was convicted of several offenses arising from a home invasion, including burglary, kidnapping with bodily injury, aggravated assault, rape, aggravated sodomy, and cruelty to children. In Division 3 (a) of *Palencia I*, we held that Palencia had failed to show that the trial court plainly erred in failing to charge the jury on the requirement under OCGA § 24-14-8 that accomplice testimony be corroborated. Id. at 311 (3) (a). The Supreme Court of Georgia reversed Division 3 (a) of our decision, finding that, under *Stanbury v. State*, 299 Ga. 125 (786 SE2d 672) (2016), the trial court's failure to give an accomplice-corroboration charge was a clear

and obvious error in light of the evidence presented in this case, and remanded the case to this Court for further consideration consistent with its opinion. *Palencia v. State*, 313 Ga. 625, 627 (872 SE2d 681) (2022) (*Palencia II*). Accordingly, we vacate Division 3 (a) of *Palencia I*, adopt the opinion of our Supreme Court as our own, and address whether Palencia has satisfied the remaining prongs of the plain-error test. For the reasons that follow, we affirm.

As set forth in our Supreme Court's opinion, the record shows that

Palencia and Josue Ramirez-Aguilar were hired by Jose Carranza-Castro to physically beat and disfigure V. M., who was a former love interest of Carranza-Castro with whom Carranza-Castro shared a child.

According to Ramirez-Aguilar, he and Palencia broke into V. M.'s apartment, burglarized it, and waited inside until she returned home. Ana Lopez-Huinil and Angela Garcia were waiting outside during this time. Lopez-Huinil was Palencia's girlfriend, and Garcia was Ramirez-Aguilar's girlfriend. When V. M. entered her apartment with her two young children, Palencia and Ramirez-Aguilar attacked her. Ramirez-Aguilar testified that he threw boiling water on V. M. and that Palencia raped her. Following the attack, Palencia and Ramirez-Aguilar left the apartment.

Both Lopez-Huinil and Garcia testified that Palencia was present during the burglary and attack. Specifically, Lopez-Huinil and Garcia testified

2

that the two of them went with Ramirez-Aguilar and Palencia to V. M.'s apartment earlier that night and that all four of them went inside to steal items when no one was home. They also testified that the four of them went back to V. M.'s apartment again later that night, but that Lopez-Huinil and Garcia waited outside and did not go inside that time. Lopez-Huinil testified that Palencia told her that, during the second trip to the apartment, Ramirez-Aguilar "had sex" with V. M., and Garcia testified that Ramirez-Aguilar told her that Palencia "raped" V. M.

After the attack, police responded to V. M.'s 911 call, and she was transported to a hospital. Medical personnel later performed a sexual assault examination on V. M., the results of which later excluded Palencia and Ramirez-Aguilar from the DNA profiles obtained in the examination.

At trial, V. M. testified that her attackers were wearing ski masks, that she did not know who the attackers were, and that their faces were covered at all times she observed them during the crimes. V. M. also stated that one of the attackers was "tall" and the other was "short," and that the "short guy" asked her to take off her dress and give him oral sex. The evidence showed that Palencia is shorter than Ramirez-Aguilar.

Neither Palencia nor the State requested a charge on accomplice corroboration, and the trial court did not charge the jury on the necessity for corroboration of accomplice testimony. Instead, the trial court instructed the jury only that "the testimony of a single witness, if believed, is sufficient to establish a fact. Generally, there's no legal

3

requirement of corroboration of a witness, provided you find the evidence to be sufficient."

*Palencia*, 313 Ga. at 626-627.

Because Palencia did not object at trial to the jury charges as given, we review the trial court's instructions for plain error. See *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011); OCGA § 17-8-58 (b). To establish plain error in regard to jury instructions, Palencia must satisfy the following four prongs:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Citation and punctuation omitted; emphasis omitted.) *Kelly*, 290 Ga. at 33 (2) (a). "Satisfying all four prongs of this standard is difficult, as it should be." (Citation and punctuation omitted.) Id. Because our Supreme Court has determined that Palencia

4

has satisfied the first and second prongs of the plain-error test, see *Palencia*, 313 Ga. at 628-629, we turn our focus to the remaining two prongs.

"The third prong of the *Kelly* plain error test requires that the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings." (Citation and punctuation omitted.) *Stanbury*, 299 Ga. at 130 (2)."To satisfy OCGA § 24-14-8 and support a guilty verdict, an accomplice's testimony at trial must be corroborated, and the amount of corroborating evidence need only be slight." *Jackson v. State*, __ Ga. __ (1) (Case No. S22A0764, decided October 4, 2022). "Moreover, it is well settled that an accomplice's testimony may be corroborated by the testimony of another accomplice." (Citation and punctuation omitted.) Id.

Here, although the failure to give a jury charge on accomplice corroboration constituted a clear or obvious error, the error likely did not affect the outcome of Palencia's trial. Two other accomplices, Lopez-Huinil and Garcia, corroborated Ramirez-Aguilar's testimony that Palencia participated in the crimes. V. M. also testified that a man matching Palencia's description raped her. "Thus, even if the jury had been given an accomplice-corroboration instruction, it likely would have determined that the testimony of any accomplice was sufficiently corroborated by

5

either independent evidence or the testimony of another accomplice." *Jackson*, \_\_ Ga. at \_\_ (1). See also *Rice v. State*, 311 Ga. 620, 624 (1) (857 SE2d 230) (2021) (because the testimony of a co-defendant and another potential accomplice could be found mutually corroborating, trial court's clear error in not giving an accomplice-corroboration charge likely did not change the outcome of the trial).

"Under the fourth *Kelly* prong, an appellate court has the discretion to remedy the error upon a determination that the error seriously affects the fairness, integrity, or public reputation of the proceedings below." (Citation omitted.) *Stanbury*, 299 Ga. at 131. However, we do "not have to analyze all elements of the plain-error test where an appellant fails to establish one of them." *Payne v. State*, 314 Ga. 322, 325 (1) (877 SE2d 202) (2022). Because Palencia has failed to show that the failure to give an accomplice corroboration instruction likely affected the outcome of his trial, we affirm. See id. at 327 (1).

*Judgment affirmed. Dillard, P.J., and Mercier, J., concur*.