## A08A2135. WILCOX v. THE STATE.
### (677 SE2d 142)

MIKELL, Judge.

Following the carjacking of James William Pike, Dratez Wilcox and Paul Docks were indicted for the following offenses: hijacking a motor vehicle, OCGA § 16-5-44.1 (Count 1), armed robbery (Count 2), aggravated assault with a deadly weapon (Count 3), false imprisonment (Count 4), interference with government property (Count 5), and possession of a firearm during the commission of a felony (Count 6). Docks, who also was indicted for possession of a firearm by a convicted felon (Count 7), entered a guilty plea. Wilcox was tried by a jury and convicted on Counts 1 and 6 and acquitted on Counts 2, 3, 4, and 5. The jury also found him guilty of the lesser included offense of theft by taking, which was listed as a separate offense on the verdict form.[1] The trial court merged the theft conviction with Count 1 and sentenced Wilcox on that count to fifteen years in·prison, plus a five-year suspended sentence on Count 6. On appeal, Wilcox argues that the trial court erred in denying his motion for new trial on the basis of ineffective assistance of counsel; that the court's charge on theft by taking as a lesser included offense misled the jury into believing that theft by taking was not a lesser included offense of hijacking a motor vehicle; and that the court failed to respond adequately to a question from the jury concerning Count 6. Discern-

---

[4] *Miley*, supra.
[5] Id.

[1] The jury was charged on theft by taking as a lesser included offense of both hijacking and armed robbery.

ing no reversible error, we affirm.

1. Although Wilcox does not challenge the sufficiency of the evidence to support his conviction of hijacking a motor vehicle, we briefly review the evidence to address his enumerated errors in context. Viewed in the light most favorable to the verdict,[2] the evidence adduced at trial shows that on December 29, 2004, Pike, the victim, left Loco's Deli after dinner with friends at 8:30 p.m. and walked to his car, a 2001 Land Rover Discovery. Pike testified that he saw two men sitting on some steps approximately fifteen yards away from his car. The men approached Pike, pointed a gun at him, put him on the ground, put the gun in his ear, cursed at him, and said "they would f------ kill" him if he did not give them his car. They also demanded his valuables. Pike gave the men his keys and wallet. The men jumped in Pike's car and fled. After the men stole his car, Pike, who kept his cell phone, called 911.

A BOLO ("be on the lookout") alert was issued for Pike's Land Rover. City of Atlanta police officer Michael Skillman spotted the vehicle less than ten minutes after hearing the BOLO and followed it to the corner of Peachtree and Collier Roads. He called for backup units. The police surrounded the stolen vehicle and ordered the occupants to get out of the car. The men did not obey; they hit the gas and struck a police vehicle. Wilcox, who was driving, and his passenger, co-defendant Docks, were taken from the stolen vehicle by force. Skillman, who searched the car, testified that he found a loaded .40 caliber Smith & Wesson in a compartment on the driver's side and the victim's wallet, containing $950 in cash, on the floor. Police officers identified Wilcox at trial as the driver of the vehicle. Pike identified Wilcox as the man who held the gun to his head. Pike also testified that the gun did not belong to him.

Wilcox gave a statement at the scene to detective J. L. Stafford, and the statement was admitted into evidence over the defense's objection following a *Jackson-Denno* hearing. In the statement, Wilcox admitted that he removed a .40 caliber handgun from his waistband and pointed it at Pike, who handed over his keys and wallet. Wilcox also stated that he and Docks got into Pike's vehicle and drove away. Wilcox claimed that the incident resulted from a misunderstanding with Pike, and that Wilcox pulled out his gun after Pike went toward his vehicle to retrieve a weapon. At that time, Wilcox did not explain the nature of the misunderstanding.

At trial, Wilcox testified to a different version of the events. He claimed that he met with Pike outside the restaurant that night to conduct a drug transaction; that Wilcox and Docks got into Pike's

---

[2] See *Lane v. State*, 255 Ga. App. 274, 275 (564 SE2d 857) (2002).

car, with Pike still in it; that Wilcox paid Pike $975 for 150 Ecstasy pills, but Pike, who appeared to be hallucinating, only gave Wilcox 140 pills; that when Wilcox complained, Pike cursed him, and Wilcox struck Pike; and that Wilcox took Pike's vehicle because he wanted to teach Pike a lesson. Wilcox denied having a gun but admitted that he did not have permission to take Pike's vehicle.

OCGA § 16-5-44.1 (b) provides: "A person commits the offense of hijacking a motor vehicle when such person while in possession of a firearm or weapon obtains a motor vehicle from the person or presence of another by force and violence or intimidation or attempts or conspires to do so." In the case at bar, Wilcox's statement at the scene of his capture that he pointed a .40 caliber handgun at Pike and then took his car; his testimony at trial that he punched Pike and took his vehicle without his permission; Wilcox's possession of the vehicle within minutes of its hijacking; his attempted flight from the police when they ordered him out of the car; the recovery of a .40 caliber handgun in the stolen vehicle; and the victim's positive identification of Wilcox authorized the jury to find him guilty beyond a reasonable doubt of hijacking a motor vehicle and possession of a firearm during the commission of a felony.[3]

2. Wilcox asserts that the trial court erred in denying his motion for new trial because trial counsel was ineffective for failing to object to the prosecutor's reference during opening statement to the guilty plea of his co-defendant, Docks.[4]

> The burden of establishing the ineffective assistance of trial counsel is a heavy one that requires an appellant to establish both that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different. Regarding this second prong, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings[;] he must establish a reasonable probability that but for the error, his trial would have ended differently. A failure to make a sufficient showing on

---

[3] See *Lane*, supra. We do not address the theft conviction because the trial court merged it at sentencing, and "a conviction which should have been merged into another as a matter of fact or law is void." (Citation omitted.) *Sanders v. State*, 281 Ga. 36, 37 (1) (635 SE2d 772) (2006).

[4] At the time of the hearing on the new trial motion, trial counsel had died, and new counsel represented Wilcox. The defense introduced no evidence at the hearing.

either of these prongs will be fatal to a claim of ineffective assistance.[5]

In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous, while the lower court's legal conclusions are reviewed de novo.[6]

As to this claim of ineffectiveness, the record reveals that the prosecutor made an oral motion in limine at trial seeking to mention during his opening statement that Docks had entered a guilty plea to the indictment. After the prosecutor claimed that he had case law supporting the motion, Wilcox's attorney did not object, and the trial court granted the motion. During opening statement, the prosecutor stated that Docks pled guilty to all of the charges in the indictment. After the jury retired, the court inquired, "[D]o you wish the indictment to go out in its form[ ] . . . since Mr. Docks's status was disclosed to the jury. . . ." Wilcox's trial counsel did not object.

As Wilcox claims, "[i]t is true that evidence of a co-defendant's guilty plea is not admissible into evidence, since it has no probative value as to the guilt of the defendant himself."[7] But it is also true that the opening statement is not evidence, and the jury in this case was properly charged that the attorneys' opening statements were not evidence.[8] The trial court also instructed the jury that "the indictment that was read to you yesterday and the questions that were asked of you, they are not evidence. . . . [I]f those things are not borne out by the evidence that is presented, then you are to disregard them and to rely upon the evidence as you hear it." Finally, during its charge to the jury, the trial court read the indictment and stated as follows: "To this indictment, the defendant has entered a plea of not guilty. The indictment and the plea form the issue that you are to decide. Neither the indictment nor the plea of not guilty should be considered as evidence."

Trial counsel's death prior to the hearing on the motion for new trial precludes an examination of the reasons for his failure to object

[5] (Punctuation and footnotes omitted.) *Wallace v. State*, 272 Ga. 501, 503-504 (3) (530 SE2d 721) (2000), citing *Strickland v. Washington*, 466 U. S. 668, 687 (II), 694 (III) (B), 697 (IV) (104 SC 2052, 80 LE2d 674) (1984).

[6] *Herring v. State*, 277 Ga. 317, 319 (6) (588 SE2d 711) (2003).

[7] (Citation omitted.) *Zachery v. State*, 276 Ga. App. 688, 689-690 (1) (624 SE2d 265) (2005), citing OCGA § 24-3-52 (confession of co-defendant made "after the enterprise is ended shall be admissible only against himself").

[8] See *Peterson v. State*, 282 Ga. 286, 290-292 (4) (a), (b) (647 SE2d 592) (2007) (where jury properly charged that opening statements were not evidence, defense did not show prejudice from trial counsel's failure to object to same).

to the prosecutor's reference to Docks's guilty plea or to demand its redaction from the indictment, hindering an analysis of whether trial counsel's performance was deficient.[9] But we need not determine whether counsel performed deficiently in this regard because Wilcox has not borne his burden of establishing prejudice.[10] "[I]n the absence of clear evidence to the contrary, qualified jurors, under oath, are presumed to follow the instructions of the trial court."[11] Considering the trial court's multiple instructions to the jury that it should not consider either the indictment or the opening statement as evidence, Wilcox has not shown that there is a reasonable probability that the outcome of the trial would have been different if his counsel had objected to the prosecutor's reference to Docks's guilty plea during opening statement or to the unredacted indictment.[12]

3. Wilcox contends that his trial counsel was ineffective for failing to object to the verdict form because it listed theft by taking only once, even though that crime was charged as a lesser included offense of both hijacking a motor vehicle and armed robbery.[13]

The verdict form, as returned by the jury, shows as follows:

1. HIJACKING A MOTOR VEHICLE:
We find the Defendant: *Guilty*.
2. ARMED ROBBERY:
We find the Defendant: *Not Guilty*.
3. THEFT BY TAKING:
We find the Defendant: *Guilty*.
4. AGGRAVATED ASSAULT WITH A DEADLY WEAPON:
We find the Defendant: *Not Guilty*.
5. FALSE IMPRISONMENT:
We find the Defendant: *Not Guilty*.
6. INTERFERENCE WITH GOVERNMENT PROPERTY:

---

[9] See *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[10] See *Haygood v. State*, 289 Ga. App. 187, 192 (2) (656 SE2d 541) (2008) (the reviewing court need not address deficiency component of ineffective assistance claim if defendant makes an insufficient showing on prejudice part).

[11] (Citations and punctuation omitted.) *Dennis v. State*, 263 Ga. 257, 258 (2) (430 SE2d 742) (1993).

[12] *Peterson*, supra; see also *Johnson v. State*, 279 Ga. App. 182, 185 (3) (c) (630 SE2d 778) (2006) (counsel not ineffective for failing to object to testimony concerning co-defendant's guilty plea and prosecutor's reference to plea during closing argument in light of overwhelming evidence of guilt). Cf. *Hanifa v. State*, 269 Ga. 797, 803 (2) (505 SE2d 731) (1998) (admission of a nontestifying co-defendant's statement which inculpates the defendant violates the Confrontation Clause).

[13] By failing to object to the form of the verdict at trial, Wilcox "waived any objection that the verdict was inconsistent, confusing, or otherwise irregular." (Punctuation and footnote omitted.) *McCoy v. State*, 285 Ga. App. 246, 248-249 (3) (645 SE2d 728) (2007).

We find the Defendant: *Not Guilty*.
7. POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY:
We find the Defendant: *Guilty*.

During the charge conference, the trial court announced that it would give the defense's requested charge on "the lesser included offense of theft by taking," without specifying whether it would be charged with regard to armed robbery or to hijacking. Thereafter, the court instructed the jury as follows:

> With respect to the offenses of hijacking a motor vehicle and . . . armed robbery, you would also be authorized to consider the lesser included offense of theft by taking. . . . If you do not believe beyond a reasonable doubt that the defendant is guilty of armed robbery and/or of hijacking but do believe beyond a reasonable doubt that the defendant is guilty of theft by taking, then you would be authorized to find the defendant guilty of theft by taking. And the form of your verdict in that event would be: We, the jury, find the defendant guilty of theft by taking.

During deliberations, the jury announced that it had reached an agreement on five of the seven counts but needed "clarification" of the second count. The court then noted that because the theft by taking charge appeared only once on the verdict form, the court would have been prepared to revise the form in order to place theft by taking on the verdict form twice in order to help clarify, should the jury arrive at a verdict of theft by taking, whether it related to armed robbery or hijacking. The court commented, however, that in light of the fact that the jury had made some decision, it did not seem appropriate to remove the verdict form and revise it at that time. The parties agreed with the court's assessment. The court noted that all parties had reviewed the verdict form before it was submitted to the jury. The court also sent the jury back a note asking it to explain its question regarding the second count, and the jury responded that it was referring to Count 2, armed robbery. The court recharged the jury as to armed robbery. The jury then reached its verdict.

Wilcox argues that the jury's questions, combined with the court's comments, indicate that the jury was confused regarding whether it could consider theft by taking as a lesser included offense of hijacking a motor vehicle. Wilcox contends that if theft by taking had been listed on the verdict form twice, under hijacking as well as armed robbery, then the jury may have acquitted him of hijacking and convicted him of the lesser offense, so that there would have

been two theft convictions. He therefore argues that trial counsel performed deficiently by failing to object to the verdict form and that, but for the deficiency, there is a reasonable probability that the outcome of his trial would have been different.

Again, trial counsel's death prior to the hearing on the motion for new trial impedes our analysis of whether trial counsel performed deficiently by failing to object to the verdict form.[14] But we conclude that Wilcox has not demonstrated prejudice. As we noted in Division 2, qualified jurors under oath are presumed to follow the trial court's instructions, absent clear evidence to the contrary.[15] The appearance of theft by taking on the verdict form as a stand-alone option does not overcome the presumption that the qualified jurors followed the trial court's instructions to consider theft by taking as a lesser included offense of both hijacking a motor vehicle and armed robbery.[16] We do not deem the jury's request for clarification as to the count of armed robbery clear evidence that the jury did not consider theft by taking as a lesser included offense of hijacking. Moreover, given the court's charge, Wilcox has not demonstrated that "the form would mislead jurors of reasonable understanding."[17] Accordingly, the trial court did not err in rejecting this claim of ineffectiveness.[18]

4. In a related enumeration of error, Wilcox argues that the trial court's charge on the lesser included offense of theft by taking was confusing and in effect eliminated from the jury's consideration theft by taking as a lesser included offense of hijacking a motor vehicle. Wilcox did not object to the charge but reserved exceptions thereto. On appeal, however, Wilcox combines this enumeration of error with the contention that counsel was ineffective for failing to object to the verdict form. He offers no reasoned argument or authority in support of the assertion that the court's charge constituted reversible error. Therefore, we deem this asserted error abandoned.[19]

---

[14] See *Fuller*, supra.

[15] *Dennis*, supra at 258-259 (2).

[16] See *Herring*, supra at 321 (6) (c) (trial counsel's failure to object to omission of voluntary manslaughter from verdict form did not constitute ineffective assistance because jurors were presumed to have followed court's charge to consider voluntary manslaughter before considering the felony murder charge).

[17] (Citation, punctuation and footnote omitted.) *Brown v. State*, 283 Ga. 327, 329 (2) (658 SE2d 740) (2008) (preprinted jury form stating "guilty" and "not guilty" for indicted offenses but lacking blanks for "not guilty" next to lesser included crimes held not likely to mislead jury).

[18] See generally *Ledbetter v. State*, 234 Ga. App. 380, 381-382 (2) (506 SE2d 699) (1998) (failure to object to reformation of the verdict form did not constitute ineffective assistance of counsel).

[19] See *Davis v. State*, 244 Ga. App. 345, 349 (7) (535 SE2d 528) (2000); Court of Appeals Rule 25 (c) (2).

5. In his final enumeration of error, Wilcox contends that the trial court did not adequately respond to the following question posed by the jury during its deliberations: "If Wilcox did not have knowledge that the gun was present in the car, is that considered possession?" The attorneys and the trial court all presumed the question related to the offense of possession of a firearm during the commission of a felony,[20] although possession of a firearm is also an essential element of hijacking a motor vehicle.[21] The state suggested that the court instruct the jury on actual and constructive possession, but defense counsel objected on the basis that constructive possession did not apply to the weapon offense at issue. The trial court proposed recharging the jury on the definition of a crime, the offense of possession of a firearm, that there is no presumption of criminal intent, and on voluntary intoxication, based on Wilcox's testimony that he was on drugs during the incident. Defense counsel objected to the recharge on voluntary intoxication, and the trial court omitted it. The court asked for further comments, and defense counsel stated that he had already perfected the record. The trial court recharged the jury as agreed by the attorneys. Specifically as to the firearm offense, the court correctly charged that

> a person commits the offense of possession of a firearm during the commission of a crime when the person has on or within arm's reach of his person a firearm during the commission of any crime against or involving the person of another and which crime is a felony. . . . [A]rmed robbery is a felony.

After the recharge, Wilcox stated that he had no objections, but he reserved exceptions.

On appeal, Wilcox argues that the trial court should have simply answered the question in the negative, or recharged the jury on the definition of hijacking a motor vehicle, or given an instruction on actual and constructive possession. Because his defense was that he did not use a gun to take the vehicle and that he had no knowledge of the gun found therein, Wilcox contends that the inadequate response to the jury's question likely resulted in his conviction on Counts 1 and 6 solely because he stole a vehicle which contained a handgun. Wilcox's arguments are unpersuasive.

At the outset, we note that Wilcox's objection at trial to a recharge on actual and constructive possession precludes any appellate complaint that the charge was not given. "On appeal, one cannot

---

[20] OCGA § 16-11-106 (b).
[21] OCGA § 16-5-44.1 (b).

complain of a judgment, order, ruling, *or charge* that his own procedure or conduct aided in causing."[22] And, it is axiomatic that "[t]he need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court."[23] In the case at bar, the trial court's decision not to answer the jury's question directly was well within the court's discretion. Our Supreme Court has held that

> when the jury requests the court to recharge them on any point, it is the court's duty to do so. It is further the obligation of the court to instruct the jury in plain, clear language. . . . [The Supreme Court has] never held, however, that the court must engage in a question and answer session with the jury or instruct the jurors individually on how to apply the law to the facts. In this case, it might not have been an error for the court to answer the jury's questions directly, that is, without relying on a pattern charge. However, the charges as repeated were legally sufficient.[24]

Finally, Wilcox has failed to demonstrate that the court abused its discretion in failing to recharge the jury on the crime of hijacking a motor vehicle. "In determining whether the recharge contained error, it is fundamental that we must look at not only the recharge but the original charge as well, as jury instructions must be read and considered as a whole in determining whether the charges contain error."[25] Here, in its original charge, the trial court stated:

> A person commits the offense of hijacking a motor vehicle when such person, while in possession of a firearm, obtains a motor vehicle from the person or presence of another by force and intimidation. If, after considering the testimony and evidence presented to you, together with the charge of the court, you should find and believe beyond a reasonable doubt that the defendant . . . unlawfully, while in possession of [a] firearm; to wit: a handgun, obtained a 2001 Land

---

[22] (Footnote omitted; emphasis supplied.) *Brown v. State*, 245 Ga. App. 706, 709 (2) (538 SE2d 788) (2000). See also *Delacruz v. State*, 280 Ga. 392, 397-398 (5) (627 SE2d 579) (2006), citing *Taylor v. State*, 195 Ga. App. 314, 316 (4) (393 SE2d 690) (1990).

[23] (Citation omitted.) *Peebles v. State*, 260 Ga. 165, 167 (5) (a) (391 SE2d 639) (1990).

[24] (Citations and punctuation omitted.) *Kimmel v. State*, 261 Ga. 332, 334-335 (3) (404 SE2d 436) (1991).

[25] (Citations and punctuation omitted.) *McTaggart v. State*, 225 Ga. App. 359, 369 (6) (483 SE2d 898) (1997), overruled on other grounds, *Wall v. State*, 269 Ga. 506, 508 (2) (500 SE2d 904) (1998).

Rover Discovery from the person and presence of William Pike by force and intimidation, . . . you would be authorized to find the defendant guilty of the offense of hijacking a motor vehicle.

Thereafter, in the recharge, the court, as it had in the original charge, defined possession of a firearm. Later, the jury asked for clarification as to Count 2, armed robbery, but never indicated any confusion on Count 1. Thus, it does not appear, as Wilcox suggests, that the jury was confused or misled by the lack of a recharge on hijacking. Moreover, counsel did not request one, nor did he submit an alternate request to charge. Under these circumstances, the court did not abuse its discretion in the manner in which it recharged the jury.[26]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 27, 2009 —
RECONSIDERATION DENIED MARCH 31, 2009 ▮▮▮▮▮▮▮

*Mau & Kondritzer, Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.

---

[26] See *Kimmel, supra.* Compare *Miller v. State*, 236 Ga. App. 825, 829-831 (4) (513 SE2d 27) (1999) (court erred by not recharging the jury on the issue of proximate cause, as requested by the defense, in recharge on homicide by vehicle in the first degree); *Tift v. State*, 133 Ga. App. 455, 456-457 (2) (211 SE2d 409) (1974) (conviction for possession of less than one ounce of marijuana reversed where court omitted defendant's written request to charge on "knowledgeable possession").