## S12A1716. SMITH v. THE STATE.
### (737 SE2d 677)

BENHAM, Justice.

Appellant Robert Merrill Smith was convicted of the malice murder of his wife, Jennifer Smith, and possession of a firearm during the commission of a felony.[1] On appeal Smith questions the sufficiency of the evidence, the content of the jury instructions, the trial court's refusal to admit evidence of the victim's purported acts of violence against third parties, and trial counsel's alleged ineffective assistance of counsel.

1. The State presented evidence that Jennifer Smith died in her Gwinnett County bedroom as a result of gunshot wounds to her neck and left chest. Police recovered from a stereo cabinet at the crime scene a .45-caliber handgun with blood on it. A firearms expert identified the gun as the instrument that fired the bullet recovered from the scene and that discharged the two .45-caliber shell casings found in the victim's bedroom. The parties stipulated that the blood on the gun and on clothing appellant was wearing at the time of his arrest was that of the victim. Police were notified of Mrs. Smith's death by a telephone call from a neighbor of the Smiths who reported that appellant, with blood on his feet, was in her home and had informed her that he had shot his wife with a gun that was on a table in the Smith home. A man identified by the neighbor as "Bobby

---

[1] Jennifer Smith was shot and killed on July 8, 2006, and appellant Robert Merrill Smith was arrested shortly thereafter. On August 30, 2006, the Gwinnett County grand jury returned a true bill of indictment charging appellant with malice murder, felony murder (with aggravated assault as the predicate felony), and two counts of possession of a firearm during the commission of a felony. Appellant's trial commenced on January 11, 2010, and the jury returned guilty verdicts on all charges on January 14. The trial court sentenced appellant to life imprisonment for malice murder and a consecutive five-year sentence for the possession of the weapon. The felony murder conviction was vacated by operation of law and the trial court merged the second possession conviction with the first. Appellant's trial counsel filed a motion for new trial the day after appellant was sentenced, and appellate counsel was appointed 17 months later. An amendment to the motion for new trial was filed on January 31, 2012, and the amended motion was heard on February 2, 2012. The trial court denied the amended motion on March 26, and a timely notice of appeal was filed April 18. The appeal was docketed in this Court on July 10, 2012 and was assigned to the September 2012 term of court. It was submitted for decision on the briefs.

Smith" told the 911 operator that he had "shot her twice" and requested that authorities "[j]ust come get her." Also played for the jury was an audiovisual recording of appellant made after he was arrested and placed in an interview room by himself, in which recording appellant expressed his anger with his wife, stated he "did it," and described himself as a killer.[2]

Appellant presented the testimony of a clinical and forensic psychologist that appellant acted under a delusional compulsion that overcame his will, causing him to fire the gun to defend himself from the victim, whom he mistakenly believed was his abusive stepfather. In rebuttal, the State presented the testimony of a clinical and forensic psychologist who opined that appellant did not suffer a delusional compulsion and was criminally responsible for his behavior.

(a) The evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of malice murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) Appellant also asks this Court to grant him a new trial based on the general grounds set forth in OCGA §§ 5-5-20 and 5-5-21. We are without authority to do so. A motion for new trial based on OCGA § 5-5-20, i.e., that the verdict is contrary to the evidence, addresses itself only to the discretion of the trial judge. *Witt v. State*, 157 Ga. App. 564 (2) (278 SE2d 145) (1981). Whether to grant a new trial based on OCGA § 5-5-21, i.e., that the verdict is strongly against the evidence, is one that is solely in the discretion of the trial court, and the appellate courts do not have the same discretion to order new trials. *Willis v. State*, 263 Ga. 597 (1) (436 SE2d 204) (1993).

2. Appellant filed pretrial notice of an affirmative defense of justification and of his intention to present evidence of acts of violence committed by the victim against third parties. See Uniform Superior Court Rule ("USCR") 31.6. Citing *Chandler v. State*, 261 Ga. 402 (3) (405 SE2d 669) (1991), appellant complains of the trial court's refusal to allow appellant to present evidence of the victim's acts of violence toward third parties.

An exception to the general rule that a victim's violent character is rarely relevant in a criminal proceeding exists when a defendant claims his actions were justified and offers evidence that the victim

---

[2] The hour-long recording played for the jury showed appellant talking to himself on and off and, at times, addressing the detectives whom he believed could see and hear him. At a pretrial hearing, the trial court ruled the statements were admissible because they were not the product of custodial interrogation and there was no expectation of privacy in a police interview room. That ruling is not challenged on appeal.

was the aggressor. *Johnson v. State*, 270 Ga. 234 (3) (507 SE2d 737) (1998). "To make a prima facie showing of justification so as to allow evidence of violent acts of the victim against third parties, 'the defendant must show that the victim was the aggressor, the victim assaulted the defendant, and the defendant was honestly trying to defend himself.' [Cit.]" *Ludy v. State*, 283 Ga. 322 (3) (658 SE2d 745) (2008). See also USCR 31.6. "[T]he key showing must be that the victim was the aggressor in the fatal encounter." *State v. Hodges*, 291 Ga. 413, 418 (728 SE2d 582) (2012). The trial court's decision to exclude evidence of a victim's acts of violence against third persons is examined by the appellate court for abuse of discretion. *Murphy v. State*, 279 Ga. 410 (2) (614 SE2d 53) (2005).

Appellant did not present evidence that his wife was the aggressor in the incident that resulted in her death. Rather, appellant proffered that he awoke from sleeping on a couch and went into the bedroom occupied by his wife where he shot her while in his delusional state of belief that his wife was his abusive stepfather who had assaulted him when he was a child. The trial court ruled that appellant's proffer of evidence did not establish the prima facie case that was a prerequisite to the admission of the incidents involving the victim and third parties. We agree that the trial court did not abuse its discretion in excluding evidence of the victim's violent acts against third parties because appellant did not establish a necessary prerequisite to their admission — that it was the victim who was the aggressor in the encounter which resulted in her death.

3. Appellant contends the trial court committed error when it failed to instruct the jury that the State had the burden of proving by a preponderance of the evidence that an incriminating statement made by appellant was voluntary.[3] At the close of the evidence, the trial court instructed the jury that before it could consider appellant's post-arrest statement, the jury had to decide whether the statement "was voluntary, freely and willingly given and without coercion, duress, threats, use of violence, fear of injury, or any suggestions or promises of leniency or reward . . . the product of a free will and not under compulsion or any necessity imposed by others." The trial court did not instruct the jury that the State had the burden of proving by a preponderance of the evidence that appellant's incriminating statements were freely and willingly given, and it is the lack of that instruction on which appellant now focuses.

---

[3] The statements at issue were made by appellant after he was arrested and was put by himself in a police interview room where an audiovisual recording was made.

Trial counsel did not preserve an objection to the content of the jury instructions because he did not voice an objection to the charge as given. *Guajardo v. State*, 290 Ga. 172 (3) (718 SE2d 292) (2012). Nevertheless, under our construction of OCGA § 17-8-58, which is applicable to trials taking place after July 1, 2007, we review for plain error an alleged error in jury instructions properly enumerated and argued on appeal that was not raised by trial counsel before the jury retired to deliberate. Id. at 175 (4). The "plain error" test adopted by this Court in *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011), authorizes reversal of a conviction if the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *Terry v. State*, 291 Ga. 508 (2) (731 SE2d 669) (2012).

Even if we assume the first and second prongs of the *Kelly* test are met, i.e., that it was error to fail to give a charge on the State's burden of proving by a preponderance of the evidence the voluntariness of appellant's custodial incriminatory statement, and that such error was obvious, and we further assume that trial counsel's statement to the trial court that the defense had no objections to the charge as given was not an affirmative waiver (see *State v. Kelly*, supra, 290 Ga. at 34, n. 5), there is no plain error because the third prong of *Kelly* has not been met, i.e., the omission did not affect the outcome of the proceedings. In light of the admission of a recording of appellant's pre-arrest statement to his neighbor and to a 911 operator that he had just killed his wife by shooting her twice, and appellant's trial testimony that he shot his wife while under a delusion that she was his abusive stepfather, we cannot conclude that it was likely that the omission of the jury instruction on the burden of proof regarding the voluntariness of appellant's custodial statement affected the outcome of the proceedings. See id., 290 Ga. at 34.

4. Lastly, appellant asserts he was the recipient of ineffective assistance of trial counsel.

> To prevail on his claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's error, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

*Pruitt v. State*, 282 Ga. 30 (4) (644 SE2d 837) (2007). "A claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight." *Hooks v. State*, 280 Ga. 164 (3) (626 SE2d 114) (2006).

Appellant sees prejudicial deficient performance as having occurred when trial counsel did not request a charge on the State's burden of proof of the voluntariness of appellant's custodial incriminatory statement, when trial counsel did not object to the trial court's failure to sua sponte give that unrequested charge, and when trial counsel did not object to the verdict form which, with regard to the possible verdict of not guilty by reason of insanity, did not specify the period of insanity as being at the time of the crime. See OCGA § 17-7-131 (b) (1) (C). Even if we were to assume that trial counsel's performance was deficient in these respects, appellant also had the burden of proving that there was a reasonable probability that the outcome of his trial would have been different had the jury been told that the State had the burden of proving the voluntariness of appellant's custodial statement and had the verdict form specified the time of the killing as the point at which appellant's sanity was to be measured. With regard to the lack of instruction on the State's burden of proof, we note the evidence summarized in Division 3, supra; with regard to the verdict form we note that the jury was repeatedly instructed in the trial court's concluding charges on the issue of appellant's sanity or insanity at the time of the alleged criminal act, and that the presumption that qualified jurors under oath follow the trial court's instructions was not overcome. See *Drake v. State*, 288 Ga. 131, 134 (702 SE2d 161) (2010); *Wilcox v. State*, 297 Ga. App. 201 (3) (677 SE2d 142) (2009). To the extent we have assumed that trial counsel performed deficiently, the cumulative effect of such deficient performance did not create a reasonable likelihood that the outcome of appellant's trial could have been different. *Schofield v. Holsey*, 281 Ga. 809, 811, n. 1 (642 SE2d 56) (2007). Accordingly, the trial court did not err in finding that ineffective assistance of counsel had not been proven.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2013.

*G. Richard Stepp*, for appellant.

*Daniel J. Porter, District Attorney, Wesley C. Ross, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.