## S13A0487. LAKE v. THE STATE.

(743 SE2d 414)

MELTON, Justice.

Following a jury trial, Brandon Donnell Lake was found guilty of felony murder and aggravated assault in connection with the shooting death of Jermaine Scurry.[1] On appeal, Lake contends, among other things, that the trial court erred by charging the jury before closing arguments took place and by admitting improper impeachment evidence at trial. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the record reveals that, in the late evening on February 15, 2009, Lake and several of his friends attended a nightclub in Screven County, Georgia. Shortly after arriving at the club, Lake and one of his friends, Byron Milton, assaulted Scurry in the nightclub parking lot because Lake believed Scurry had been involved in an earlier altercation with Lake's cousin. Lake pulled a gun and struck Scurry's face, after which Scurry broke away and ran from Lake. Lake chased and fired his gun at Scurry, who was struck by a bullet and died from his wounds. Lake and Milton fled the scene in Lake's car and were apprehended shortly thereafter by pursuing law enforcement officers.

The evidence was sufficient to enable a rational trier of fact to find Lake guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Lake contends that the trial court erred by providing the jury with the jury instructions prior to closing arguments taking place. See OCGA § 5-5-24 (b) ("The court shall inform counsel of its proposed action upon the requests [to charge] prior to their arguments to the jury but shall instruct the jury after the arguments are completed."). However, the record reveals that the trial court held a charge conference and informed counsel on multiple occasions that it intended to provide the jury with its substantive instructions prior to closing arguments. Lake's trial counsel was involved in the discussion, and, he acquiesced to this proposed procedure. Accordingly,

---

[1] On April 6, 2009, Lake was indicted for malice murder, felony murder (with aggravated assault as the underlying felony), and two counts of aggravated assault. Following a September 28-29, 2011 jury trial, Lake was found guilty of felony murder and both counts of aggravated assault, but was acquitted of malice murder. The trial court sentenced Lake to life in prison for felony murder. The aggravated assault charges were merged into the felony murder count for sentencing purposes. Lake filed a motion for new trial on October 27, 2011, which was denied on October 22, 2012. Lake filed a timely notice of appeal on October 24, 2012, and his appeal was docketed in this court for the January 2013 term and orally argued on February 8, 2013.

Lake has provided no basis for review of this issue on appeal.[2] See, e.g., *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997) ("A party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct. [Cit.]").

3. Lake asserts that the trial court erred in failing to recharge the jury on the elements of the offenses after its request for "a written definition of the four charges." However, the record reveals that, when the trial court suggested to Lake's counsel and the State that it bring the jury back in and read the definitions of the charges to them again, Lake's counsel disagreed with this proposed procedure. After discussing the issue at length, the trial court then suggested that it tell the jurors that they "must rely on their memory as to the charge of the Court and [they] should consider the complete charge," and Lake explicitly agreed with this approach. Accordingly, Lake has waived review of this issue on appeal. *Williams v. State*, 277 Ga. 853, 856 (3) (596 SE2d 597) (2004).

4. Lake also contends that his trial counsel was ineffective in that he did not object to the trial court's failure to recharge the jury after it requested written definitions of the charges.

> In order to succeed on his claim of ineffective assistance, [Lake] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility

---

[2] To the extent that Lake argues that the error should not have been waived based on a mere failure to object, he is incorrect. Indeed, contrary to Lake's assertions in his brief, the timing in which the trial court charged the jury is not subject to "plain error" analysis, as OCGA § 17-8-58 (b) makes clear that such an analysis applies only when the failure to object deals with the substance of the charge itself. See id. ("Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of *such portion of the jury charge, unless such portion of the jury charge constitutes plain error* which affects substantial rights of the parties") (emphasis supplied). See also *State v. Kelly*, 290 Ga. 29, 31-32 (1) (718 SE2d 232) (2011) (where defendant "fail[ed] to object to *any portion of the trial court's jury charge,*" plain error analysis applied, as "under OCGA § 17-8-58 (b), appellate review for plain error is required whenever an appealing party properly asserts an error *in* jury instructions") (footnote omitted; emphasis supplied).

determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Lytle v. State*, 290 Ga. 177, 180 (4) (718 SE2d 296) (2011).

At the motion for new trial hearing, Lake's counsel testified that he ultimately made a strategic decision to allow the trial court to remind the jury of the court's previous instruction, rather than provide them with a recharge that included the defenses, because, in his experience, such a recharge may have made the jury more inclined to convict Lake rather than acquit him. This strategy was reasonable under the circumstances. See, e.g., *Butler v. State*, 273 Ga. 380, 384-385 (10) (a) (541 SE2d 653) (2001) ("[I]nformed strategic decisions do not amount to inadequacy under *Strickland* . . . [and] '[t]he fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel' ") (citations omitted). Lake's ineffective assistance claim is therefore without merit.

5. Lake urges that the trial court erred in giving the following pattern instruction to the jury:

> The burden of proof is on the State to establish that the [Defendant's] statement [to police] was voluntary and was freely and willingly made. If you find that all of the Defendant's constitutional warnings were given. That the Defendant understood the meaning of what was said and knowingly gave up those rights and that the statement was voluntary, then you consider it as evidence. If so, then you must apply the same general rules for testing the believability of witnesses and decide what weight, if any, you will give to any or part of the statement. If you fail to find any one of the conditions that we've just gone over, then you must disregard the statement entirely and give it no consideration in reaching your verdict. *However, it may be used for purposes of impeachment if you find.*

(Emphasis supplied.) Specifically, Lake argues that the trial court erred by informing the jury that it could consider any involuntary statements made by him for purposes of impeachment. Because Lake's counsel never objected to the jury instruction, however, Lake's

claim can only succeed if the instruction "constitutes plain error which affects substantial rights of the parties." OCGA § 17-7-58 (b). See also *Kelly*, supra.

> The "plain error" test adopted by this Court in *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011), authorizes reversal of a conviction if the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings.

*Smith v. State*, 292 Ga. 316, 319 (3) (737 SE2d 677) (2013). "Satisfying all four prongs of this standard is difficult, as it should be." (Citation and punctuation omitted.) *Kelly*, supra, 290 Ga. at 33 (2) (a), citing *Puckett v. United States*, 556 U. S. 129, 135 (II) (129 SCt 1423, 173 LE2d 266) (2009).

Here, we need not decide whether the charge given was erroneous, because, "[e]ven if we assume the first and second prongs of the *Kelly* test are met, i.e., that [the charge given here was erroneous], and that such error was obvious, . . . there is no plain error because the third prong of *Kelly* has not been met, i.e., the omission did not affect the outcome of the proceedings." *Smith*, supra, 292 Ga. at 319 (3). More specifically, there is no evidence of record that Lake made any involuntary statements to police. Indeed, Lake never challenged the voluntariness of his statements to police. There was no *Jackson-Denno* hearing, and Lake never argued before or during trial that his statements were involuntary. As Lake has failed to allege that any involuntary statements were even involved at his trial, "we cannot conclude that it was likely that the . . . jury instruction [given here regarding the use of involuntary statements] affected the outcome of the proceedings." Id.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 20, 2013.

*Robert L. Persse*, for appellant.

*Richard A. Mallard*, District Attorney, *Keith A. McIntyre*, Assistant District Attorney, *Samuel S. Olens*, Attorney General, *Patricia B. Attaway Burton*, Deputy Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Katherine T. Parvis*, Assistant Attorney General, for appellee.