**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 3, 2015**

# In the Court of Appeals of Georgia

A15A0886. HENDERSON v. THE STATE.

ELLINGTON, Presiding Judge.

A Floyd County jury found Jimmy Henderson guilty of sexual battery, OCGA § 16-6-22.1 (b); and aggravated child molestation, OCGA § 16-6-4 (c). He appeals from the denial of his motion for a new trial, contending that the trial court gave two jury instructions that constitute plain error warranting a new trial. For the following reasons, we affirm in part and reverse in part.

Viewed in the light most favorable to the jury's verdict,[1] the facts relevant to the instant claims of error are as follows. The 11-year-old victim, A. S., stayed with Henderson for two weeks while her mother was hospitalized. During that period,

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

Henderson engaged the victim in various sexual acts. The evidence shows that Henderson put his penis in the victim's mouth, put his mouth on the victim's genitals, touched the victim's genitals with his hand, had the victim disrobe so that he could give her massages, and fondled the victim's back while she was bathing. In a recorded forensic interview, the victim also recounted an incident in which Henderson took off her underwear and put his finger "right in here," pointing to her genital area. The victim testified at trial, however, that Henderson did not penetrate her vagina with his finger.

1. Given the inconsistent evidence on whether Henderson inserted his finger into the victim's vagina, the State asked the court to charge the jury on sexual battery as a lesser included offense of the offense of aggravated sexual battery as set forth in Count 1 of the indictment. In Count 1 of the indictment, the State alleged that Henderson violated OCGA § 16-6-22.2 when he "intentionally penetrate[d] the sexual organ of [A. S.], a child under the age of 16 years[,] with a foreign object, to wit: the finger of the accused[.]" With defense counsel's consent, the court agreed to charge the jury on sexual battery.

When initially charging the jury on sexual battery, the court explained that sexual battery was a lesser-included offense of the offense of aggravated sexual

battery set forth in the indictment. The court charged the jury as to the elements of sexual battery as follows: "A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person.[2] I charge you that a child of the age of 11 is . . . legally incapable of giving such consent." Defense counsel did not object to the charge nor did he voice any exceptions to the charge when asked by the court.

Shortly after the charge of the court, the jury asked the following question: "Does the charge of aggravated sexual battery and/or sexual battery have to be a finger in accordance with the indictment?" In discussing the question with counsel outside the presence of the jury, the court stated:

> Well, the answer is aggravated sexual battery does; sexual battery does not. . . . I'm going to read the definitions again and tell them so far as Count 1 is concerned, aggravated sexual battery has to be proven beyond a reasonable doubt as alleged in the indictment. That is[,] with the use of a finger[.]. . . The definition of sexual battery doesn't contain that requirement[.]"

---

[2] This first part of the court's charge tracks the language of OCGA § 16-6-22.1 (b): "A person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person."

Neither the State nor the defense objected. The court then did as it had suggested, charging the jury that aggravated sexual battery must be proven "in the manner charged in the indictment," that is, the evidence must show that the defendant intentionally penetrated the victim's sexual organ with the specified foreign object, his finger. Thereafter, he charged the jury that sexual battery must be proven in accordance with the statutory definition he had just given them. That instruction did not inform the jury that the touching had to be in the manner charged in the indictment. Defense counsel asserted no exceptions to the recharge.

Henderson argues that the charge on sexual battery was overly broad and that giving it constituted plain error. He argues that the court was required to charge the jury that it could find him guilty of the lesser included offense of simple battery only if it found that he had committed the offense as alleged in the indictment, that is, by using his finger. For the following reasons, we agree.

Because defense counsel interposed no objection to the simple battery instruction, the trial court's decision to give the instruction is reviewable on appeal only for plain error. See OCGA § 17-8-58 (b) (providing that the failure to object regarding a jury instruction at trial precludes appellate review unless "the jury charge constitutes plain error which affects substantial rights of the parties"); *State v. Kelly*,

4

290 Ga. 29, 32 (1) (718 SE2d 232) (2011) ("[A]ppellate review for plain error is required whenever an appealing party properly asserts an error in jury instructions.").

> The "plain error" test adopted by this Court in *State v. Kelly* . . . authorizes reversal of a conviction if the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Satisfying all four prongs of this standard is difficult, as it should be.

(Citations and punctuation omitted.) *Lake v. State*, 293 Ga. 56, 59 (5) (743 SE2d 414) (2013).

The question before us is whether the trial court's instruction on the lesser included offense of sexual battery[3] was properly tailored to the facts alleged in the indictment. "[I]t is error to give a charge stating that an offense may be committed in more than one manner when (1) only one manner is alleged in the indictment, and (2) facts in evidence raise a reasonable probability that the jury may have convicted the

---

[3] We note that the court was authorized to charge the jury on sexual battery as a lesser include offense of aggravated sexual battery. The offense of sexual battery is included in the offense of aggravated sexual battery as a matter of law; it is missing only the additional element of penetration. See OCGA §§ 16-6-22.1 (b); 16-6-22.2; 16-1-6 (1); *Smith v. State*, 310 Ga. App. 392, 394 (2) (713 SE2d 452) (2011) ("[A] conviction for aggravated sexual battery requires proof of penetration, while a sexual battery conviction does not.") (citations omitted).

5

defendant of committing the offense in a manner not charged in the indictment."
(Citations omitted.) *Elrod v. State*, 238 Ga. App. 80, 83 (2) (517 SE2d 805) (1999).
With respect to the lesser-included offense of sexual battery, the indictment implicitly
alleged that Henderson committed the specific act of touching the victim's sexual
organ with his finger. This is because the defendant cannot penetrate the victim's sex
organ with his finger without first touching it. "As we have explained, no averment
in an indictment can be rejected as surplusage which is descriptive either of the
offense or of the manner in which it was committed. All such averments must be
proved as laid, or the failure to prove the same as laid will amount to a variance."
(Citation and punctuation omitted.) Id.

In this case, the jury's question reveals that it was particularly interested in
whether it could find Henderson guilty of sexual battery even if it concluded that he
had not used his finger to touch the victim's sexual organ. The court's recharge
essentially answered that question in the affirmative. Given that the facts showed that
Henderson had touched the victim's sexual organ with his mouth as well as with his
finger, there exists a reasonable probability that the jury may have convicted the
defendant of committing the offense in a manner not specified in the indictment.
Thus, both the court's charge and recharge on sexual battery were erroneous given

6

the court's failure to limit the charge to manner of touching alleged in the indictment. See id. at 83-84 (2) (Because the court's recharge informed the jury that an aggravated assault could be committed in a way not set forth in the indictment, and it contained no remedial instruction limiting the jury's consideration to the facts alleged in the indictment, it constituted reversible error.). This error is "an obvious defect rather than a merely arguable defect." *Terry v. State*, 291 Ga. 508, 509 (2) (731 SE2d 669) (2012). Additionally, we conclude that the erroneous charge affected Henderson's substantial rights and likely contributed to the outcome of the case, given that it authorized the jury to convict him of sexual battery in a manner that was not alleged in the indictment. Finally, because we find that the erroneous charge seriously affected the fairness of Henderson's trial with respect to the lesser included offense of sexual battery, we exercise our discretion to reverse his conviction on that charge. See *Patterson v. State*, 328 Ga. App. 111, 116-121 (4) (761 SE2d 524) (2014) (The trial court erred in instructing the jury on the offense of possession of hydrocodone, as the instruction allowed the jury to convict the defendant under OCGA § 16-13-30 (a), without consideration of one of the essential elements, knowledge that the pill contained hydrocodone.).

7

2. Henderson also contends that the trial court's jury instruction concerning the offense of aggravated child molestation constituted plain error. He contends that the court erred in charging the jury that it could find the defendant guilty of aggravated child molestation if it found that "any" act of sodomy involving himself and the victim had occurred when the indictment specifically defined the act of sodomy as involving "the mouth of [A. S.] and the sexual organ of the accused[.]" Our review of the court's charge reveals no such error.

The court instructed the jury concerning the specific charge against Henderson as set forth in the indictment, specifically that Henderson required the child "to perform oral sex on [him], said act involving the mouth of the child and the sexual organ of the accused[.]" The court also fully and correctly defined aggravated child molestation, and it instructed the jury that it was required to determine whether Henderson had committed the offense "as it's charged in Count 2[.]" Consequently, we find no error and affirm Henderson's conviction for aggravated child molestation.

*Judgment affirmed in part and reversed in part. McFadden, J., concurs. Dillard, J., concurs in the judgment only.*

A15A0886. HENDERSON v. THE STATE.

DILLARD, Judge.

I concur fully in Division 2 of the majority opinion. As to Division 1, I concur in judgment only because I do not agree with all that is said in that division. As a result, the majority's opinion in Division 1 decides only the issues presented in that division and may not be cited as binding precedent. *See* Court of Appeals rule 33(a).