305 Ga. 237
FINAL COPY

S18A1275.THE STATE v. JOHNSON.

BETHEL, Justice.

Following a trial resulting in a guilty verdict on charges arising out of the death of Brandon Scott and the trial court's grant of Appellee John Johnson's motion for new trial,[1] the State appeals.[2] At issue in this appeal is whether the trial court should have given an unrequested jury instruction on accomplice

---

[1] Following the shooting death of Scott, Johnson was jointly indicted with Albert Reaux and Michael Williams for murder, felony murder (predicated on aggravated assault with a deadly weapon), aggravated assault with a deadly weapon, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. After a 2014 trial, a jury found Johnson guilty of both felony murder and malice murder, as well as aggravated assault with a deadly weapon and possession of a firearm during the commission of a felony. Johnson was acquitted of possession of a firearm by a convicted felon. The trial court sentenced Johnson to life imprisonment for the felony murder charge and a consecutive five-year term for the possession of a firearm during the commission of a felony charge. The trial court merged the malice murder and aggravated assault with a deadly weapon counts into the felony murder conviction. This was error, but harmless.

Johnson filed a motion for new trial on March 24, 2014, and an amended motion for new trial on February 16, 2016. The trial court granted the motion, as amended, on October 3, 2017, and on October 25, 2017, vacated Johnson's sentence. The State filed a timely notice of appeal, and this case was docketed in this Court for the August 2018 term. The appeal was orally argued on October 9, 2018.

[2] Johnson previously appealed the trial court's order denying his motion for appeal bond. This Court affirmed that order in *Johnson v. State*, 304 Ga. 369 (818 SE2d 601) (2018).

corroboration and whether a new trial should have been ordered. The State argues that a new trial should not have been granted because an instruction on accomplice corroboration is not clearly required where a witness other than the accomplice introduces an accomplice's statement implicating a defendant's guilt. In response, Johnson argues that a new trial is warranted because the testimony of his alleged accomplice was the only evidence establishing Johnson's participation in the crime, and, thus, the trial court plainly erred in failing to instruct the jury that accomplice testimony requires corroboration. We agree that the trial court should have instructed the jury on accomplice corroboration and affirm the trial court's grant of a new trial.

The record shows that, on New Year's Eve 2005, Brandon Scott was riding in a car with Johnson and two other friends, Albert Reaux and Michael Williams. During the car ride, Johnson and Scott began arguing. During the course of the argument, Johnson pulled out a gun and shot Scott multiple times. The following morning, January 1, 2006, Scott was found on a porch dead from multiple gunshot wounds.[3]

---

[3] Scott was found on the porch of a house located on the same street as the house in which Reaux's girlfriend was then residing.

Reaux's girlfriend testified that, in the early morning hours following the shooting, Reaux knocked on her bedroom window and came inside. Reaux told her that he and Johnson had killed Scott, that Johnson had "turned around and shot [Scott]," and that they had pushed him from the car following the shooting.

Johnson was ultimately convicted of felony murder and possession of a firearm during the commission of a felony. Thereafter, Johnson moved for a new trial, arguing, among other things, that the trial court erred in not instructing the jury on corroboration of accomplice testimony as required by OCGA § 24-14-8. The trial court granted Johnson's motion for new trial on this ground, concluding that "the holding in *Stanbury*[4] requires this Court to grant Defendant's Motion for New Trial on discretionary grounds[5] for failing to give the accomplice corroboration charge under OCGA § 24-14-8." On October 25, 2017, the trial court vacated the previously imposed sentences. This appeal

---

[4] *Stanbury v. State*, 299 Ga. 125, 130-131 (786 SE2d 672) (2016).

[5] Although the trial court purported to grant the motion on "discretionary grounds," the motion was actually granted on legal grounds, as the judge failed to give an instruction to the jury. Had the motion for a new trial been granted on general, or discretionary, grounds, we would review the trial court's judgment for a clear abuse of discretion. See *State v. Holmes*, 304 Ga. 524, 531 (3) (820 SE2d 26) (2018). Instead, we review de novo. *State v. Kelly*, 290 Ga. 29, 30-31 (718 SE2d 232) (2011).

followed.

In reviewing the trial court's grant of a new trial under the specific circumstances of this case, we consider whether the trial court correctly held that the omission in the jury charge here constituted plain error.[6] The test for plain error is comprised of four prongs.

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

(Citation and punctuation omitted.) *State v. Kelly*, 290 Ga. 29, 33 (1) (718 SE2d

---

[6] OCGA § 17-8-58 (a) provides in relevant part that "[a]ny party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate." OCGA § 17-8-58 (b) further provides that a failure to object as specified in subsection (a) "preclude[s] appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties." Johnson's counsel did not raise an objection to the trial court's failure to give a jury charge regarding accomplice corroboration at trial. The trial court analyzed the issue as one of ordinary error instead of plain error.

4

232) (2011). Johnson did not affirmatively waive this issue at trial, so the first prong is met.

As to the second prong of the plain error test, the trial court's failure to provide a jury charge regarding accomplice corroboration was clear error not subject to reasonable dispute. "For an error to be obvious for purposes of plain error review, it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." (Citation and punctuation omitted.) *Stanbury v. State*, 299 Ga. 125, 129-130 (2) (786 SE2d 672) (2016).

OCGA § 24-14-8 provides that in "felony cases where the only witness is an accomplice, the testimony of a single witness shall not be sufficient" to establish a fact. "Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness[.]" Id.

> Under this rule, where an accomplice testifies at trial, a jury may not rely solely on that testimony to find any fact necessary to sustain the defendant's felony conviction. Instead, the existence of any such fact must also be supported either by the testimony of an additional witness or by other, independent evidence that corroborates the accomplice's testimony.

(Citations and punctuation omitted.) *Burns v. State*, 342 Ga. App. 379, 383 (1) (803 SE2d 79) (2017).

The trial court's instructions deviated from a legal rule, OCGA § 24-14-8, which "unequivocally" required corroboration of accomplice testimony in felony cases. Instead, the trial court charged the jury that "[t]he testimony of a single witness, if believed, is sufficient to establish a fact. Generally, there is no legal requirement of corroboration of a witness provided that you find the evidence to be sufficient." By failing to give the required accomplice corroboration charge, the trial court did not provide the jury with proper guidelines for determining Johnson's guilt or innocence. This was clearly erroneous. "Furthermore, when, as here, the instructions the jury receives are infirm, the expected result is not enlightenment, but confusion." (Citation and punctuation omitted.) *Stanbury*, 299 Ga. at 130 (2). Therefore, the second prong of the plain error test has been met.

The third prong of the plain error test requires that the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it likely affected the outcome of the trial court proceedings. See *Stanbury*, 299 Ga. at 130 (2). By failing to give the required accomplice corroboration charge, the trial court impermissibly empowered the jury to find Johnson guilty based solely on Reaux's accomplice testimony. See

6

id. The jury, as the sole arbiter of credibility, was not properly instructed on the manner in which it needed to judge the evidence. See *Hamm v. State*, 294 Ga. 791, 798 (2) (756 SE2d 507) (2014). As a consequence, because virtually all of the incriminating evidence flowed from Reaux, the outcome of the trial court proceedings was "likely affected" by the trial court's failure to provide an accomplice corroboration charge to the jury, and a proper instruction would likely have resulted in a different verdict. See *Stanbury*, 299 Ga. at 131 (2).

Under the fourth plain error prong, an appellate court has the discretion to remedy the error upon a determination that "the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." (Citation and punctuation omitted.) *Kelly*, 290 Ga. at 33 (2) (a). In other words, we may use our discretion to correct errors where a miscarriage of justice would otherwise result. See id.

> A trial court's failure to give an accomplice corroboration instruction when a defendant is affirmatively identified as the second participant and gunman in a murder based *solely* on accomplice testimony undermines the fairness of the proceedings, at least when coupled with the express authorization by the court for the jury to establish critical facts based solely on this testimony. In these circumstances, if a conviction could be affirmed in spite of the trial court erroneously providing a witness testimony instruction wholly opposite to an accomplice corroboration charge, an accused

7

would have no way of knowing whether the jury secured his conviction through permissible means. In effect, laws and jury charges requiring accomplice corroboration would be meaningless.

(Emphasis in original.) *Stanbury*, 299 Ga. at 131 (2). With this guidepost in view, we hold that the error at issue here "seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." See *Kelly*, 290 Ga. at 33 (2) (a).

Because the trial court plainly erred when it failed to instruct the jury on the necessity of corroboration regarding Reaux's accomplice testimony, the trial court did not err in granting the motion for new trial. See *Stanbury*, 299 Ga. at 131 (2) (in the absence of a jury instruction on corroboration of accomplice testimony, trial court erred in not granting a new trial). Cf. *Fisher v. State*, 299 Ga. 478, 485-486 (2) (a) (788 SE2d 757) (2016) (trial counsel rendered ineffective assistance where he chose not to request a jury charge on accomplice corroboration where only one witness — the alleged accomplice — positively connected the defendant to the crime). We thus affirm the trial court's grant of a new trial.[7]

Judgment affirmed. All the Justices concur.

---

[7] We again note that this case is before us on the State's appeal from the grant of a new trial. We need not review the trial court's determination that the evidence at the first trial was legally sufficient, and we express no opinion on that issue.

Decided February 18, 2019.

Murder. Fulton Superior Court. Before Judge LaGrua.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellant.

Marilyn Primovic, Brian C. Tevis, for appellee.